IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL A. WILLIAMS, #368234
    Petitioner,

v.                                        CIVIL ACTION NO. WDQ-13-2567

CIRCUIT COURT FOR BALTIMORE
  COUNTY
    Respondent.

*****

MEMORANDUM

On September 4, 2013, Michael A. Williams ("Williams"), filed a letter with the court in which he complains about the failure of the state circuit court to accept and process his petition for post-conviction relief in 2012 and the failure of the State's Attorney's Office to respond to the petition after it was accepted for filing in 2013.[1] ECF No. 1. Affording the self-represented petition a generous construction, it appears that Williams is complaining about the delays which have ensued in the collateral review of his state court conviction. He asks that this court "intervene" in his case so that the alleged "injustice" can stop. *Id.* Williams's correspondence has been construed as his attempt to invoke the court's mandamus relief to compel the circuit court to act on his post-conviction petition.

The letter petition was not accompanied by the required civil fling fee or indigency motion. Williams shall not, however, be required to cure this deficiency. Mandamus relief is a remedy only used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir. 1987). Moreover, a federal court does not have

---

[1] Williams claims that if he was a "middle class white or rich person" he would not be subject to the injustice. ECF No. 1 at p. 1.

jurisdiction over state entities or employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n. 3 (4th Cir. 1999).

Because it plainly appears that Williams is not entitled to any relief in this court, the petition shall be dismissed.[2] A separate Order shall follow reflecting the ruling set out herein.

*/s/ 9/5/13*

William D. Quarles, Jr.
United States District Judge

---

[2] Williams asks that the undersigned judge be disqualified from answering his petition because of a personal dislike against him that would render a "rational fair judgment" unattainable. ECF No. 1 at p. 2. Regarding the disqualification, 28 U.S.C. § 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding;." 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This subsection "governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003).

To be disqualifying, the alleged bias or prejudice must stem from an extrajudicial source. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). In other words, it must arise from "events, proceedings, or experiences outside the courtroom." *Sales v. Grant*, 158 F.3d 768, 781 (4th Cir. 1998). Therefore, on their own, judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 * (4th Cir. 2008) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994) (internal quotation marks omitted). Moreover, opinions formed by the judge during the current proceeding, or a prior one, do not generally warrant refusal. *Id.* A judge is neither required to recuse himself "simply because of unsupported, irrational or highly tenuous speculation," nor "simply because [he] possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal citation omitted).

Finally, the judge against whom the affidavit of bias is filed may rule on its legal sufficiency. *See Marty's Floor Covering Co., Inc. v. GAF Corp.*, 604 F.2d 266, 268 (4th Cir. 1979) (internal citation omitted). The affidavit shall be construed "strictly against the movant to prevent abuse." *United States v. Miller*, 355 F.Supp.2d 404, 405 (D. D.C. 2005). Williams's claim does not support an inference of bias nor convincingly demonstrate a need for recusal.